UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-62863-BLOOM/Valle

LLANO FUNDING GROUP, LLC,

    Plaintiff,

v.

PAUL R. CASSIDY

    Defendant,

_____/

**ORDER ON MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant, Paul R. Cassidy's Motion to Dismiss, ECF No. [15] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record and this case, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

**I. BACKGROUND & FACTS**

Plaintiff Llano Funding Group, LLC (hereinafter, "Plaintiff"), brings claims of professional negligence and negligent misrepresentation against Defendant Paul R. Cassidy (hereinafter, "Defendant") for the improper, incorrect, and overvalued property appraisal he conducted. Amended Complaint, ECF No. [11] at ¶¶ 7-19. Defendant moves to dismiss Plaintiff's Amended Complaint and request for attorney's fees pursuant to Fed. R. Civ. P. 12(b)(6). Motion, ECF No. [15].

At some unknown point in time, Defendant prepared an appraisal (the "Appraisal") for real property located at 3360 NE 13th Avenue, Pompano Beach, Florida (the "Subject Property"). Am. Compl., ECF No. [11] at ¶ 7. O'Brien Financial Group, Inc., ("O'Brien"), the

mortgage lender for Subject Property, relied on the Appraisal to approve a mortgage for $285,000. *Id*. at ¶¶ 8-9. Plaintiff alleges that, in reality, the property was worth substantially less than the value set forth in the Appraisal and that Defendant had actual knowledge of the gross inaccuracy. *Id*. at ¶ 10-11. According to Plaintiff, if Defendant had accurately valued the property, O'Brien "would not have approved and funded said loan." *Id.* at ¶ 12. The Subject Property was foreclosed upon on November 14, 2012. *Id*. at ¶ 14. Due to the inaccurate Appraisal and overvalued property, O'Brien "received no funds from the foreclosure and the balance of the loan remains due and owing." *Id*. at ¶ 15.

Plaintiff contends that, in preparing the inaccurate Appraisal, Defendant violated the Uniform Standards of Professional Appraisal Practice ("USPAP") by "select[ing] and us[ing] comparable sales that are not locationally, physically, and functionally the most similar to the subject property and the comparable sales," and "used inordinate adjustments for differences between the subject property and comparable sales that do not reflect the market's reaction to such differences, or fail[ed] to make proper adjustments when clearly necessary." *Id.* at ¶ 23. Thus, Plaintiff contends that Defendant "was most likely intentionally and knowingly trying to support an inflated value, but at a minimum [was] gross[ly] incompeten[t]." *Id.* at ¶ 24.

According to the Amended Complaint, Plaintiff is the current owner and holder of the balance of the loan and is the "successor in interest of both the equitable and legal interest of the underlying obligation and the appraisal upon which this action is based," and did not discover the errors in the Appraisal until February 25, 2014 when it conducted an "initial quality control review." *Id*. at ¶ 16-18.

Based on these facts, Plaintiff commenced this action on December 17, 2014, asserting claims for professional negligence (Count I) and negligent misrepresentation (Count II). *See id.*

at ¶¶ 26-35.  Both Counts contain the same allegations, stating that Defendant committed professional negligence and negligent misrepresentation by: (i) failing to provide appraisals and appraisal services that were prepared by appraisers with the experience and competence necessary to provide a competent and accurate appraisal, (ii) failing to provide appraisals and appraisal services that complied with USPAP and other applicable state and federal statutes and regulations, and (iii) failing to provide appraisals and appraisal services that complied with standards applicable to the appraisal and appraisal industry.  *Id*. at ¶¶ 28, 33.  Consequently, Plaintiff alleges actual damages of $230,020.83, as well as actual and punitive damages for Defendant's actions in failing to comply with industry standards, as well as state and federal statutes constituting negligence.  *Id*. at ¶¶ 29-30, 34-35.  On May 26, 2015, Defendant filed the instant Motion seeking dismissal.  Motion, ECF No. [15].

## II. LEGAL STANDARD[1]

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  While the complaint "does not need detailed factual allegations," Rule 8 requires "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-

---

[1] Plaintiff's recitation of the law on Rule 12(b)(6) requires updating.  *See* Resp., ECF No. [20] at 4 (citing a variety of cases which predate *Iqbal* and *Twombly* by decades).

unlawfully-harmed-me accusation"). Nor can a complaint rest on "naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons*, Inc., 555 F.3d 949, 960 (11th Cir. 2009) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006)).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint for the following reasons: (1) Plaintiff fails to state a claim for professional negligence, (2) Plaintiff fails to state a claim for negligent misrepresentation, (3) Plaintiff's negligent misrepresentation claim fails to satisfy the heightened pleading requirement of Rule 9(b), and (4) Plaintiff's claims are barred by the two-year state of limitations. Motion, ECF No. [15] at ¶¶ 1-4. Defendant also moves for dismissal of Plaintiff's request for attorney's fees. *Id.* at 10-11. The Court addresses these arguments in turn.

#### A. Plaintiff States a Claim for Professional Negligence.

To state a claim for professional negligence, Plaintiff must allege: (1) existence of a legal duty, (2) breach of the duty, (3) proximate causation, and (4) actual loss. *Curd v. Mosaic*

4

*Fertilizer*, 39 So. 3d 1216, 1227 (Fla. 2010); *Trinidad & Tobago Unit Trust Corp. v. CB Richard Ellis, Inc.*, 280 F.R.D. 676, 678 (S.D. Fla. 2012) (citation omitted).  The duty of care in a professional negligence claim generally exists between parties who are in privity of contract with one another.  *See, e.g., Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1303 (Fla. 1991) (citing *Angel, Cohen & Rogovin v. Oberon Inv., N.V.*, 512 So. 2d 192 (Fla. 1987)) ("Clearly, privity between the parties may create a duty of care providing the basis for recovery in negligence.").  However, if a duty of care is established through other avenues, then lack of privity does not foreclose liability.  *See Baskerville-Donovan*, 581 So. 2d at 1303 (citing *First Florida Bank, N.A. v. Max Mitchell & Co.*, 558 So. 2d 9 (Fla. 1990)).

Defendant contends that there is no proof of the assignment or Plaintiff's interest in the alleged loan and, therefore, "there are no alleged facts to support the element of any 'duty' owed by the Defendant to the Plaintiff."  Mot., ECF No. [15] at 5.  With regard to the assignment and duty, Plaintiff only states that it is a successor in interest to the original lender, is the current owner and holder of the balance of the loan, and is the "successor in interest of both the equitable and legal interest of the underlying obligation and the appraisal upon which this action is based."  Am. Compl., ECF No. [11] at ¶ 16-17.  In order to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must plead sufficient facts to demonstrate a duty.  Here, the duty Plaintiff relies on is Defendant's obligations regarding the Appraisal.  Thus, any purported duty to Plaintiff necessarily stems from an assignment of O'Brien's interest.  Plaintiff fails to indicate the nature of the assignment.

Defendant's argument in this respect is, in essence, one of standing, questioning whether Plaintiff has the authority to bring this action as the real party in interest.  Nevertheless, this

Court cannot create a duty where a plausible allegation of one is lacking. "The validity of an assignment is important for the purpose of determining 'whether an action should be dismissed.'" *Univ. Creek Associates, II, Ltd. v. Boston Am. Fin. Grp., Inc.*, 100 F. Supp. 2d 1337, 1339 (S.D. Fla. 1998) (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1545 (2d ed. 1990)). "[T]he court must determine (1) exactly what has been assigned to make certain that the plaintiff-assignee is the real party in interest, and (2) that a valid assignment has been made." *Id*. Specifically, "[w]here a question is raised as to the validity of an assignment, 'the party that relies on the assignment has the burden of proving its existence and validity.'" *Lady of Am. Franchise Corp. v. Nusom*, No. 10-60994-CIV, 2011 WL 2457749, at *2 (S.D. Fla. June 16, 2011) (citing *Simon v. Shearson Lehman Bros., Inc*., 895 F.2d 1304, 1321 (11th Cir. 1990)) (dismissing a counterclaim for lack of proof regarding the validity of assignment to the plaintiff). Further, "when the opposing party, by general challenge or specific attack, denies the assignment's existence or validity," the validity or existence of assignment must be proven by the assigner. *Id*.

In the Amended Complaint, Plaintiff merely notes that it "is a secondary market participant and is successor in interest of [the] original lender," and that it is "owner and holder of the underlying obligation." Amend. Compl., ECF No. [11] at ¶ 16. This is insufficient for the Court to ascertain the nature of the assignment.

Plaintiff relies on *Lehman Bros. Holdings v. Fearer* in contending that proof of validity of the assignment is unnecessary and irrelevant. *See Lehman Bros. Holdings v. Fearer*, No. 12-60434-CIV, 2012 WL 6214438, at *2 (S.D. Fla. Dec. 13, 2012) ("The identities of the persons or entities that hired Fearer to perform the appraisals or from whom Lehman Brothers purchased the loans are not essential elements of a negligence claim."). In *Lehman Brothers*, the plaintiff

6

brought an action for negligence based on an appraiser's overestimation of the value of three properties. *Id.* at *1. The plaintiff was not the original lender but, rather, had obtained the residential mortgage loans on the secondary mortgage market. *Id.* When the mortgages went into default, the plaintiff suffered substantial losses because the loans were for more than the actual value of the properties. *Id.* The defendant sought dismissal for several reasons, most notably, on the basis that the complaint failed to allege "when and how [the plaintiff] came to own the residential mortgage loans secured by the subject properties." *Id.* at *2. The Court denied dismissal on this basis, noting that plaintiff had alleged facts supporting its contention that the defendant "owed a duty to conduct the appraisals with reasonable care." *Id.*

Although *Lehman Brothers* is distinguishable in several respects it, nonetheless, remains instructive. First, although not germane to the Court's discussion therein, the plaintiff in *Lehman Brothers* had explicitly stated that it acquired its interest in the mortgages by funding and purchasing the loans on the secondary mortgage market. *Id.*; *see also Lehman Bros. Holdings v. Fearer*, No. 12-60434-CIV, ECF No. [1] (Complaint at ¶¶ 5-10), (S.D. Fla. Mar. 8, 2012). Accordingly, the complaint in *Lehman Brothers* contained allegations indicating the nature of the plaintiff's interest and how that interest gave rise to a duty. *See Lehman Bros.*, No. 12-60434-CIV, Complaint at ¶¶ 5-10 ("Plaintiff purchased the Loans [from the secondary market] in reasonable reliance upon the truthfulness and accuracy of the Appraisals."). Second, the timing of Plaintiff's acquisition of its interest is different than that of the plaintiff in *Lehman Brothers*. The plaintiff in *Lehman Brothers* purchased its interest in the mortgages at issue *prior to* the loans' default. *See Lehman Bros.*, No. 12-60434-CIV, Complaint at ¶ 12. On the other hand, here, Plaintiff claims to have purchased its interest in the Subject Property *subsequent to* default.

*See* Amend. Compl., ECF No. [11] at ¶¶ 15-17.  These differences leave the Defendant and the Court wondering what interest Plaintiff possesses.

Nevertheless, while questions may exist as to the precise nature of Plaintiff's interest, Plaintiff has pled facts which give rise to an inference of duty.  *See Lehman Bros.*, 2012 WL 6214438, at *2.  Specifically, Plaintiff alleges that it has "acquired all right, title and interest" of its predecessor and is a secondary market participant.  Although the Court expresses concern regarding the propriety of the assignment as it relates to this cause of action, these facts, taken as true, are sufficient to survive a motion to dismiss.   "[A] [] complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Twombly*, 550 U.S. at 556.  For these same reasons, the Court declines to dismiss Count I of the Amended Complaint on any supposed deficiencies as to breach and proximate cause.  Count II, however, does not pass muster.

### B.  Plaintiff Fails to Meet the Heightened Pleading Standard for Count II

Defendant argues that Plaintiff fails to state a claim for negligent misrepresentation and that the misrepresentation claim fails to satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b).  The Court agrees.

To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation.  *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993).  Because negligent misrepresentation sounds in fraud, "Rule 9(b)'s heightened pleading standard applies."  *Lamm v.*

*State St. Bank & Trust*, 749 F.3d 938, 951 (11th Cir. 2014) (citing *Souran*, 982 F.2d at 1511 (holding negligent misrepresentation sounds in fraud under Florida law)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  A plaintiff's complaint must "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and Rule 9 "requires that a complaint plead facts giving rise to an inference of fraud," *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc*., 287 F. App'x 81, 86 (11th Cir. 2008).  Generally, Rule 9(b) is satisfied when "the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Clausen*, 290 F.3d at 1310 (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).  Rule 9(b) was enacted to "alert defendants to the precise misconduct with which they are accused and to protect defendants from contrived charges of fraudulent behavior." *Coquina Investments v. Rothstein*, No. 10-60786-CIV, 2011 WL 197241, at *7 n.2 (S.D. Fla. 2011).  Rule 9(b) is satisfied if the complaint "'provide[s] a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud' such that the defendants have 'fair notice of the nature of plaintiff's claim and the grounds upon which it is based.'" *U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) (quoting *Mobil Oil Corp. v. Dade Cty. Esoil Mgmt.*, 982 F. Supp. 873, 878 (S.D. Fla. 1997) (internal citations and quotations omitted)).

Plaintiff pleads that Defendant knowingly misrepresented the value of the house in the appraisal and that Defendant did so incompetently, inaccurately, and with disregard for USPAP and other applicable standards. Am. Compl. ¶¶ 10, 11, 23, 24, 33, 34. These allegations regarding the misrepresentations made by Defendant are insufficient under the heightened pleading standard of Rule 9(b). Specifically, Plaintiff does not allege what statements in the Appraisal report were misrepresented, when they were made, and how the misrepresentations induced *Plaintiff* into acting on them. In essence, Plaintiff merely states that the Appraisal was inaccurate. Accordingly, Plaintiff's negligent misrepresentation claim is deficient and requires additional specificity to survive Rule 9(b).

### C. Statute of Limitations

Defendant moves for dismissal stating the two-year statute of limitations under Fla. Stat. § 95.11(4)(a) bars Plaintiff's claims. Mot., ECF No. [15] at 9-10. "A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotations and citations omitted). "[D]ismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Id*. (internal quotations omitted). "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1). "The last element of a cause of action based on negligence is actual loss or damage." *Lehman Bros. Holdings Inc. v. Phillips*, 569 F. App'x 814, 817 (11th Cir. 2014).

Based on the face of the Complaint, Plaintiff's claims accrued on the date of the foreclosure, November 14, 2012. Am. Compl., ECF No. [11] at ¶ 14. The salient inquiry is whether the applicable statute of limitations is two years under § 95.11(4)(a), or four years under

10

§ 95.11(3)(a). Plaintiff contends the four-year statute of limitations for claims founded on negligence under Fla. Stat. § 95.11(3)(a) applies because "Plaintiff did not allege that the mortgagee and Defendant were in privity of contract so as to subject Plaintiff's claims to section 95.11 4(a) [sic] two-year limitations period. Rather, [t]he lender did not personally contract for the appraisal. The mortgage, [sic] in whose shoes [] Plaintiff stands, was a third-party beneficiary to that agreement." Plaintiff's Opposition to Defendant's Motion, ECF No. [20] at 8.

In its pertinent part, § 95.11 states:

(4) WITHIN TWO YEARS.-

(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. *However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.*

Fla. Stat. § 95.11(4)(a) (emphasis added). According to Defendant, the nature of the assignment dictates the applicable statute of limitations: "the assignment would establish privity to the extent privity existed with the original lender." Reply Brief, ECF No. [22] at 11 (citing *Paul v. Kanter*, 172 So. 2d 26, 27 (Fla. 3d DCA 1965) ("[A]n assignee of the lease . . . was in privity of estate with the lessors.")); *see also Marion Mortgage Co. v. Grennan*, 143 So. 761, 764 (finding privity between the successive occupants and assignees of the property); *Axiom Worldwide, Inc. v. Excite Med. Corp.*, 591 F. App'x 767, 772 (11th Cir. 2014) ("These 'relationships include, but are not limited to, *preceding and succeeding owners of property*, bailee and bailor, and *assignee and assignor*,' and are sometimes described as 'privity.'") (emphasis in original) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 n.8 (2008)). It is extremely curious that Plaintiff seeks to be considered an assignee for purposes determining duty, breach, and causation, but denies being "in privity" for purposes of the statute of limitations. Based on Plaintiff's allegations that it is

11

successor in interest and "stands in the shoes of the mortgagee," see Resp., ECF No. [20] at 2, it is likely that Plaintiff is in privity, in which case the two-year statute of limitations would apply. Yet, given the questions remaining concerning the nature of the assignment and Plaintiff's status as assignee, it is not apparent on the face of the Amended Complaint that the claims are time-barred.  Accordingly, the Court cannot dismiss on this basis.

### D.  The Claim for Attorney's Fees is Properly Pled.

Defendant moves for dismissal for failure to allege a substantive basis for Plaintiff's request for attorney's fees.  Motion, ECF No. [15] at 10-11.  Defendant states that Plaintiff insufficiently requests attorney's fees because Plaintiff does not "set forth any statutory or contractual basis for such a claim." *Id.* Defendant mischaracterizes the Florida Supreme Court's decision in *Stockman v. Downs* claiming that the statutory or contractual basis for the claim must be pled, when the Court truly meant that the claim for attorney's fees, not its basis, must be pled. *See Stockman v. Downs*, 573 So. 2d 835 (Fla. 1991). The Florida Supreme Court has since clarified this, stating "[s]pecific statutory or contractual basis for claim for attorney fees need not be specifically pled, and failure to plead specific basis of such claim does not result in waiver of claim." *Caufield v. Cantele*, 837 So. 2d 371, 377 (Fla. 2002). Accordingly, Defendant's request that Plaintiff's claim attorney's fees be dismissed is denied.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion, **ECF No. [15]**, is **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** with regard to Count II (Negligent Misrepresentation), but **DENIED** in all other respects.  Plaintiff shall file a Second Amended Complaint **on or before August 15, 2015**.  Failure to file a Second Amended Complaint by the aforementioned date will result in abandonment of Count II.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of August, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record